Pierre Misotiere, of whose creditors the . . ... . appellants are the syndics, being in failihg circumstances, applied to -the appellee for advice, employed him as counsel to make a voluntary cession of his goods. The appellee presented his petition , and schedule, assisted at the meeting of the creditors, and rendered the ¡other necessary services, until the property of Misotiere was delivered to the appellants. To obtain a compensation for those services, the appellee instituted the present Suit, demanding to be paid by privilege *364 out of the funds in the hands of the syndics, and . . J ’ obtained a verdict and judgment to the amount of g 400, to be paid asa privileged debt.
East. District.
June 1814.
It has been already decided by this Court in the case of Morse vs. the Syndics of Williamson and Patton, ante 282, that attorneys and counsellors are entitled to no privilege, for the payment of any compensation above the taxed fees, included in what is‘called law charges. The fate of. this demand and of the judgment rendered on it, would therefore be settled by that decision, if we should attend to the forfn more than to the substance of the action. ,-
The question here ought not to have been whether the appellee has any privilege as one of the creditors of Misotiére, but whether the services by him rendered nominally tp Misotiére, were not in reality services done to his estate and consequently to the creditors themselves.
Wh e n a person is about to fail, he is considered as having no longer any right to dispose of his property ; in that situation he is obliged to employ counsel without having it in his power to , remunerate him. Must the services of that counsel remain unsatisfied ? We think that wherever it does appear (and the contrary can hardly be supposed) that the directions and management of *365 the counsel have been such as to secure to creditors every possible advantage under the existing circumstances, he ought to receive out of the common stock some compensation for súch services : for they are in reality services done to the creditors themselves. What that compensation ought to be must depend on the importance; of the services and the trouble, which the counsel may have been at. It is die province of the Court* before whom the settlement of the bankrupt’s estate is pending’, to fix the quantum of that remuneration.
IN this case, it was proved that the services of the appellee were beneficial to the estate of the bankrupt, and the Court below was right in allowing him a compensation. The error committed by that Court was to consider this as a privileged claim against Misotiére, while it really was a claim against the creditors.
It is, therefore, adjudged and decreed that the judgment of the Parish Court so far as.it grants to the appellee a privilege be reversed, and that judgment be entered in favour of said appellee for the sum of four hundred dollars to be paid him by the appellants out of the funds in their hands belonging to the mass of the creditors of said Misotiére; and . that the appellants pay costs. ■